(25 Misc. Rep. 202.)

CITY OF NEW YORK v. COMMISSIONERS OF LAND OFFICE.

(Supreme Court, Special Term, Albany County. November, 1898.)

GREATER NEW YORK CHARTER—CONSTRUCTION — STATE LAND COMMISSIONERS —DISCRETIONARY POWERS—MANDAMUS.

Greater New York Charter, § 86 (Laws 1897, c. 378), provides that if, after its approval, application shall be made to the state land commissioners, by a riparian proprietor, for a grant of submerged land within the city, such commissioners shall notify the city board of docks, which board shall examine the application, and determine whether the granting of the same will conflict with the city's rights or otherwise injure the public interest, and shall report their conclusions to the land commissioners, "who shall insert such terms and conditions in the grant recommended by the board as will protect the public interest of the city in respect to navigation and commerce." *Held*, that the power of the board of docks was advisory merely, and that the land commissioners had discretionary power to determine the conditions to be inserted in the grant, and could not be compelled by mandamus to insert conditions proposed by the board.

Application for a writ of mandamus by the city of New York against the commissioners of the land office. Denied.

John Whalen, Corp. Counsel (Charles Blandy and E. J. Freedman, of counsel), for city of New York.

T. E. Hancock, Atty. Gen., for commissioners of land office.

George W. Stephens, for Whittemore and others.


CHESTER, J.   This is an application for a peremptory writ of mandamus to compel the commissioners of the land office of the state to insert in a proposed grant of land under water in Long Island City, to Edward A. Whittemore and others, who are the riparian proprietors of the uplands adjoining, certain terms and conditions proposed by the department of docks of New York City.   It appears that on the 30th day of December, 1897, these riparian proprietors made an application to the commissioners of the land office for a grant of the land under water in question.   There is no claim but that the application was made in due form, and in all respects conformed with the requirements of the statute and of the rules of the land office.   Notice of the application was given to the department of docks of the city of New York, in compliance with the provisions of section 86 of the charter of Greater New York.   Laws 1897, c. 378.   The board of docks examined into such application to determine whether the granting of the same would conflict with the rights of the city or be otherwise injurious to the public interests of said city, and on the 28th day of January, 1898, reached a determination therein, and reported its conclusions to the commissioners of the land office, and recommended that certain terms and conditions should be inserted in the grant.   The commissioners thereafter gave a full hearing in the matter to all the parties in interest, including the city of New York, which was represented by its corporation counsel or one of his assistants, and after such hearing decided to refuse to adopt the recommendations of the dock department or to insert the conditions recommended by it in the proposed grant.   On July 28, 1898, at a meeting of the commissioners, a resolution was adopted authorizing the issuance of a grant of the land under water in question to the said Edward A. Whittemore and others, containing conditions other than those recommended by the dock department.   The city seeks by this application to compel the commissioners of the land office to insert in the grant the terms and conditions proposed by the department of docks instead of those fixed upon by the commissioners.   If, in the discharge of their duties, under the law in respect to this grant, the commissioners were required to exercise official judgment or discretion, that judgment or discretion cannot be controlled by mandamus.   People v. Land Office Com'rs, 149 N. Y. 26, 43 N. E. 418.   In that case the rule was well stated by Vann, J., in the opinion of the court, as follows:

"It is a universal rule that, in the discharge of all duties involving the exercise of official judgment or discretion, the officer or tribunal must be left free to act, and cannot be controlled in a particular direction.   Merrill, Mand. § 33; Shortt, Mand. (Heard's Ed.) p. 256; High, Extr. Rem. § 24; Wood, Mand. p. 19; 14 Am. & Eng. Enc. Law, 110.   When the law requires a public officer to do a specified act in a specified way, upon a conceded state of facts, without regard to his own judgment as to the propriety of the act, and with no power to exercise discretion, the duty is ministerial in character, and performance may be compelled by mandamus, if there is no other remedy. When, however, the law requires a judicial determination to be made, such as the decision of a question of fact or the exercise of judgment in deciding

whether the act should be done or not, the duty is regarded as judicial, and mandamus will not lie to compel the performance."

In this case, however, it is urged on behalf of the city, in support of this application, that the duty devolving upon the commissioners of the land office in this instance was purely a ministerial one.   The city bases this suggestion upon section 86 of Greater New York Charter (Laws 1897, c. 378), which, so far as material, is as follows:

"Sec. 86. After the approval of this act no patent of soil or land under water within the city of New York, as herein constituted, shall be made except to the city of New York or to the riparian proprietor. * * * If the commissioners shall make a grant to the riparian proprietor it shall be confined to soil or land under water in front of the land of such riparian proprietor.   If application be made to the commissioners of the land office by the riparian proprietor for a grant of soil or land under water within the city of New York, as herein constituted, said commissioners shall give notice thereof to the board of docks of the city, which shall examine into such application and determine whether the granting of the same will conflict with the rights of the city under this act, or be otherwise injurious to the public interests of the said city, and shall report their conclusions to said commissioners who shall insert such terms and conditions in the grant recommended by the board of docks as will protect the public interests of the city in respect to navigation and commerce. * * *"

It is conceded by both sides that prior to the taking effect of section 86, above quoted, full discretion rested in the commissioners of the land office with reference to the terms to be inserted in grants of land under water to riparian proprietors within the city of New York. The city insists that since that time, by virtue of this section, the board of docks is authorized to determine such terms and conditions, and that the commissioners are required to take the determination of the board of docks in this respect without question, and regardless of whether or not the commissioners assent to the reasonableness or propriety of the terms and conditions proposed by the board of docks.   I do not so read section 86.   While it is somewhat ambiguous in this respect, yet the language is not adequate, in my opinion, to give the board the right to determine the "terms and conditions" which the commissioners shall insert in the grant.   The board of docks, after examining the application upon notice thereof from the commissioners, is authorized by the section to "determine whether the granting of the same will conflict with the rights of the city under this act, or be otherwise injurious to the public interests of the said city, and shall report their conclusions to said commissioners."   Why report conclusions to the commissioners if they have no discretion in the matter, and no duty except to carry out the will of the board of docks?   The section further provides that said commissioners "shall insert such terms and conditions in the grant recommended by the board of docks as will protect the public interests of the city in respect to navigation and commerce."   Under this the board may or may not recommend the grant; but I think the duty still rests upon the commissioners, after the board of docks has had the opportunity to report their conclusions to them, as above stated, to determine whether or not a grant should be made, and the terms and conditions which are essential under the statute.   A construction such as is insisted upon here in behalf of the city requires the interpolation of several words in the

statute. If the section had provided that said commissioners "shall insert such terms and conditions in the grant as may be recommended by the board of docks," there would have been much greater foundation for the claim that it was the legislative intent, by this section, to strip the commissioners of all the power they had prior to that time possessed with reference to grants of this character; but the words "as may be" are not in the statute, and it seems clear that the intent was to give the board of docks authority to recommend or not the issuing of the grant applied for, and that there was no intent to deprive the commissioners of the power to determine for themselves what terms and conditions will protect the public interests of the city in respect to commerce and navigation. I think that the duties devolving upon the board of docks under the statute is of an advisory character, and that the conclusions or recommendations of the board are not mandatory upon the commissioners. This also seems evident when we look at other provisions of the charter than section 86. By section 831 the commissioners of the land office are authorized to convey to the city any land under water deemed necessary for the construction of water docks, etc., whenever required so to do by the board of docks; but it is provided by the section that "such conveyance shall be made after compliance with such reasonable rules and regulations as the said commissioners of the land office are now empowered to make by law; and nothing in this chapter shall be so construed as to remove or limit the powers and duties of the said commissioners as now conferred upon them by the statutes of the state and as prescribed in other sections and provisions of this act." It is true that this provision is in a chapter of the charter other than the chapter which contains section 86, but it shows very clearly that the spirit of the act is not in harmony with the contention of the city; that the legislature intended, by the charter, to take away from the commissioners all discretion concerning these grants. Again, by section 83 such lands under water as are embraced within the projected boundary lines of any street intersecting the shore line, and which street is in public use or which may be hereafter opened for public use, extending from high-water mark out into the water as far as the city shall require, is granted by the state to the city, and the commissioners of the land office are required from time to time to convey or patent the lands so granted to the city whenever required by the board of docks. But it is provided in section 86 that, before any such grant is made, notice must be given to the riparian owner, and due compensation must be made to him for the value of his riparian rights. Evidently, under these two sections the commissioners of the land office are to determine the terms and conditions under which the patent is to issue of the lands which are granted to the city by section 83. If this is so, under these sections, as to lands which the state has granted to the city, it seems not unreasonable to say that if the legislature had intended by the charter to withhold from the commissioners the power to determine the terms and conditions which shall be inserted in a grant of lands, the title to which is still in the state, when application is made therefor by a riparian proprietor, the language of the act should have clearly and unmistakably expressed such intent. I do not think that has been done in

section 86, which is relied on by the city to sustain this application. It follows that the commissioners of the land office still have a discretion or quasi judicial duty to perform in determining what terms and conditions should be inserted in this grant to protect the public interests of the city in respect to navigation and commerce, and the application should be denied, with $10 costs.

Application denied, with $10 costs.